**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02266-NYW-CYC

FRANK VALENZUELA,

      Plaintiff,

v.

TEXAS CAR INVESTMENTS, LLC d/b/a PROSPERITY MOTORS OF TEXAS,

      Defendant.

---

**MINUTE ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Entered by Judge Nina Y. Wang

      This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (or "Motion"). [Doc. 28]. Defendant Texas Car Investments, LLC d/b/a Prosperity Motors of Texas ("Defendant" or "Prosperity") has responded. [Doc. 30]. Plaintiff Frank Valenzuela ("Plaintiff" or "Mr. Valenzuela") has replied. [Doc. 32]. Upon review, the Court concludes that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is respectfully **DENIED**.

## I.      Background

      The Court provides the following facts for background only. Mr. Valenzuela purchased a car from Prosperity in June 2023. [Doc. 1 at ¶ 10; Doc. 13 at ¶ 10]. He acknowledges that he bought the car "as is" but asserts that Prosperity represented that the car was in "perfect working order" and would pass Colorado emissions tests. [Doc. 1 at ¶¶ 8–9, 37; Doc. 28 at 2]. Prosperity denies making such representations. [Doc. 13 at ¶¶ 8–9, 37]. After the purchase, the car experienced numerous mechanical issues and repeatedly failed Colorado emissions tests. *See* [Doc. 28-1 at 59:19–62:9; Doc. 32-1]. The failed emissions tests precluded the car from being registered in Colorado and caused the company through which Mr. Valenzuela financed the purchase, Westlake Financial, to require Prosperity to "b[uy] back" the financing contract. [Doc. 28 at 4; Doc. 28-1 at 19:6–20:5].

      Prosperity offered to refund Mr. Valenzuela's down payment if he returned the car. [Doc. 1 at ¶ 28; Doc. 13 at ¶ 28]. Prosperity added that it would consider reimbursing his repair expenses depending on the condition of the car. [Doc. 1 at ¶ 28; Doc. 13 at ¶ 28]. Although the details are unclear, Mr. Valenzuela also claims that Prosperity attempted to involve the police in the repossession by falsely reporting the car stolen. [Doc. 28 at 4; Doc. 28-1 at 69:7–70:12]; *see also* [Doc. 1 at ¶¶ 25–27]. Regardless, a tow truck driver

ultimately retrieved the car.  [Doc. 1 at ¶ 29; Doc. 13 at ¶ 29].  Prosperity never issued any refund or reimbursement to Mr. Valenzuela.  [Doc. 1 at ¶ 32; Doc. 29 at ¶ 32].

Mr. Valenzuela commenced this suit in August 2024.  [Doc. 1].  He brings claims for (1) common law fraud, (2) violations of the Colorado Consumer Protection Act ("CCPA"), (3) violation of the federal Fair Credit Reporting Act, (4) violation of the federal Fair Debt Collection Practices Act, and (5) breach of the implied warranty of merchantability.  *See* [*id.* at ¶¶ 44–89].  Mr. Valenzuela now moves for summary judgment on the CCPA claim.  [Doc. 28].

## II.    Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and quotations omitted).

The summary-judgment standard is "more stringent" when the movant will bear the burden of proof at trial.  *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).  Such a movant "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case."  *Id.*  In applying this standard, the Court views the record in the light most favorable to the nonmovant and cannot weigh the evidence or determine the credibility of witnesses.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008); *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

## III.    Analysis

"The CCPA deters and punishes businesses which commit deceptive practices in their dealings with the public by providing prompt, economical, and readily available remedies against consumer fraud."  *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003).  The CCPA provides a private right of action against a "person who has engaged in or caused another to engage in any deceptive trade practice listed in this article."  Colo. Rev. Stat. § 6-1-113(1).  To prevail on a claim under the CCPA, a plaintiff must prove

> (1) that the defendant engaged in an unfair or deceptive trade practice;
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998). The CCPA also provides for treble damages "if it is established by clear and convincing evidence that [the defendant] engaged in bad faith conduct." § 6-1-113(2)(a)(III). "Bad faith conduct" is defined as "fraudulent, willful, knowing, or intentional conduct that causes injury." § 6-1-113(2.3).

Mr. Valenzuela asks the Court to grant summary judgment in his favor on both his CCPA claim and his request for treble damages under the CCPA. [Doc. 28 at 2–7]. But his Motion is deficient for multiple reasons. To start, he includes no statement of undisputed facts, which is required by both the Local Rules and this Court's Civil Practice Standards. *See* D.C.COLO.LCivR 56.1(a); NYW Civ. Practice Standard 7.1D(b)(1). "Noncompliance with procedures required by a local rule is a proper basis for denying [a] motion." *Aguilera v. City of Colorado Springs*, No. 18-cv-02125-KMT, 2019 WL 3302168, at *9 (D. Colo. July 23, 2019) (collecting cases).

Even if Mr. Valenzuela did establish certain undisputed conduct by Prosperity, he fails to adequately address whether Prosperity's conduct constituted a "deceptive trade practice *listed in this article*." § 6-1-113(1) (emphasis added). Another CCPA provision sets out a long list of conduct that qualifies as an unfair or deceptive trade practice. *See* § 6-1-105. Yet Mr. Valenzuela makes no attempt to connect any of Prosperity's alleged conduct to any unfair or deceptive practice identified in the CCPA. He suggests that the sale of the car without a functioning emission control system may have violated other Colorado statutes, Colo. Rev. Stat. §§ 42-2-310, 44-20-121(3)(s). [Doc. 28 at 2–3]. Violation of these provisions is not listed as a per se deceptive trade practice in § 6-1-105. And although it is possible that Prosperity's conduct—including its alleged misrepresentations about the car's ability to pass emissions tests—could qualify as a deceptive trade practice under some subsection of § 6-1-105, the Court need not make arguments for Plaintiff "that he has not made for himself." *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015).

Plaintiff's alternative argument, that Prosperity engaged in a deceptive trade practice by falsely reporting the car stolen, is similarly undeveloped. [Doc. 28 at 4]. In his reply, Mr. Valenzuela acknowledges that a police report may not exist. [Doc. 32 at 6]. But he claims that "the threat of the police report, combined with the illegal repossession," constituted an unfair and deceptive trade practice under the CCPA. [*Id.*]. Either way, this argument is entirely conclusory and only underscores Plaintiff's failure to establish the basic facts that he believes are undisputed. It is unclear to the Court what exactly Mr. Valenzuela believes Prosperity did, which conduct qualifies as an unfair or deceptive trade practice under § 6-1-105 and why, and how that conduct caused Mr. Valenzuela's damages. At bottom, the Court need not "consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (quotation omitted). And Mr. Valenzuela falls far short of establishing all essential elements of his CCPA claim as a matter of law. *Pelt*, 539 F.3d at 1280.[1]

---

[1] Although the Court does not reach Plaintiff's argument regarding treble damages, the Court notes that whether a defendant acted with the requisite bad faith under the CCPA

Prosperity's response brief does little to clarify the issue. Broadly, Prosperity argues that Mr. Valenzuela fails to present sufficient competent evidence that (1) Prosperity sold him a car that could not pass an emissions test, or (2) Prosperity or its agents made a false police report. [Doc. 30 at 2–3]. Prosperity does not dispute, however, that if Plaintiff did establish that this conduct occurred, it would constitute an unfair or deceptive trade practice under the CCPA. The Parties should be mindful of the distinction between these issues as they prepare for trial: whether the challenged conduct occurred is a question of fact, but "whether the challenged conduct constitutes an unfair or deceptive trade practice is a question of law." *Shekarchian v. Maxx Auto Recovery, Inc.*, 487 P.3d 1026, 1033 (Colo. App. 2019).

For these reasons, **IT IS ORDERED** that:

(1)    Plaintiff's Motion for Partial Summary Judgment [Doc. 28] is **DENIED**;

(2)    The Parties are **DIRECTED** to engage in alternative dispute resolution and file a Joint Status Report no later than **June 26, 2026**, reflecting the status of all efforts to resolve this matter short of trial. To the extent the Parties seek a settlement conference before a magistrate judge, they shall file a joint motion in compliance with D.C.COLO.LCivR 16.6; and

(3)    A Telephonic Status Conference is **SET** for **July 10, 2026 at 10:00 a.m.** for purposes of setting trial and a Final Pretrial/Trial Preparation Conference in this matter, to the extent that this matter cannot be resolved absent trial. The Parties shall participate in the Status Conference using the following dial-in information: 571-353-2301; Access Code: 783456374.

DATED: April 9, 2026

---

is generally a question of fact for the jury. *Cf., e.g.*, *U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008) (observing, in punitive damages context, that "[o]rdinarily, determining whether a defendant's conduct is willful and wanton is a question of fact"); *Bankr. Est. of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008) (reiterating that, in claim for bad faith breach of insurance contract, an insurer's bad faith is generally a question of fact); *United States v. Molyneux*, No. 24-4002, 2024 WL 4948796, at *4 (10th Cir. Dec. 3, 2024) ("Whether the defendant acted with the requisite intent is a question of fact for the jury to decide." (citing *United States v. Williams*, 273 F.2d 469, 470 (10th Cir. 1959)) (criminal law context).